CLAY, Circuit Judge,
dissenting.
Despite the majority’s assertion to the contrary, this is not, in fact, a close case. Because the affidavit in support of the search warrant for Defendant’s home failed to make the requisite showing of probable cause to support the search, I respectfully dissent.
The Fourth Amendment safeguards individuals’ right “to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” U.S. Const, amend. IV. “ ‘At the very core’ ” of this right “ ‘stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.’ ” Kyllo v. United States, 533 U.S. 27, 31, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) (quoting Silverman v. United *694 States, 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961)). The Constitution makes clear that no search warrant for a residence may issue except “upon probable cause, supported by Oath or affirmation.” U.S. Const, amend. IV. In furtherance of this guarantee, a search warrant will be granted only if there is a “nexus between the place to be searched and the evidence sought.” United States v. Carpenter, 360 F.3d 591, 594 (6th Cir.2004).
It is axiomatic that to establish the requisite nexus, “a warrant application must show more than just that ‘the owner of the property is suspected of crime.’ ” United States v. Gunter, 266 Fed.Appx. 415, 418 (6th Cir.2008) (quoting Zurcher v. Stanford Daily, 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)). And no citation should be required to establish that “[t]he mere fact that someone is a drug dealer” — much less a former drug dealer, or an associate of a suspected drug dealer — “is not alone sufficient to establish probable cause to search their home.” Id.; see also United States v. Frazier, 423 F.3d 526, 533 (6th Cir.2005). Today’s opinion fails to substantiate the existence of the requisite probable cause necessary to justify granting the warrant application.
What is missing here is the existence of any evidence that Defendant’s residence was used for drug transactions. The only available bases for the search of Defendant’s residence were the fact that Defendant is a previously convicted drug dealer, and the agent’s assertion that evidence of drug dealers’ illicit activities can usually be found at their places of residence. These are wholly inadequate bases for issuance of a search warrant. Indeed, the majority’s reasoning would be persuasive only .if there were two standards under the Fourth Amendment for granting search warrant applications: one for suspected drug dealers, and one for everyone else.
After summarizing the type of evidence that we have previously deemed adequate to support a search warrant, the majority aptly states that “Agent Fitch presented no such evidence to the magistrate judge to support the search warrant issued in this case.” Maj. Op. at 687. The opinion goes on to explain that:
The affidavit contained no evidence that Brown distributed narcotics from his home, that he used the residence to store narcotics, or that any suspicious activity had taken place there. The affidavit did not suggest that a reliable confidential informant had purchased drugs there, that the police had ever conducted surveillance at Brown’s home, or that the recorded telephone conversations linked drug trafficking to Brown’s residence.
Id. at 689. Despite these concessions, the majority characterizes this case as presenting “a close question” and seeks to describe the sparse facts that were included in the affidavit as establishing a sufficient nexus to Brown’s home. See id. at 690. To the contrary, the search warrant in this case was issued based on little more than Brown’s arrest, his conviction for an unrelated drug offense twelve years earlier, his acquittal on other drug charges, and information related to the police investigation of another individual. Because the affidavit supporting the search warrant was devoid of information establishing a nexus between the alleged illegal activity and Defendant’s home, I respectfully dissent.[1]

. The majority insists that the dissent fails to "take into account all of the relevant information known to Agent Fitch.” Maj. Op. at 687 n. 2. The problem with this assertion is that Agent Fitch was in possession of no informa *695 tion that would have established the requisite nexus between Brown's alleged illegal activity and his home. Presumably, the majority is referring to the fact that Brown possessed a large amount of cash at the time of his arrest, and that a police dog alerted to the odor of narcotics inside an unoccupied car registered to Brown when the car was parked outside another individual's residence. None of this information establishes the necessary nexus with Brown's home.